COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


NATIONAL FRUIT PRODUCTS COMPANY, INC. and
 LIBERTY MUTUAL FIRE INSURANCE COMPANY

v.          Record No. 1827-95-4         MEMORANDUM OPINION<sup>*</sup>
                                         PER CURIAM
HERMAN MILTON CLARK, III               FEBRUARY 6, 1996


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (David J. Andre; J. David Griffin; Fowler,
               Griffin, Coyne & Coyne, on brief), for
               appellants.

               No brief for appellee.



     National Fruit Products Company, Inc. (employer) contends

that the Workers' Compensation Commission (commission) erred in

(1) finding that Herman Clark's (claimant) bronchitis constituted

an injury by accident rather than an ordinary disease of life;

(2) not applying the clear and convincing evidence standard set

forth in Code § 65.2-401; and (3) refusing to consider evidence

of claimant's pre-existing bronchitis, tobacco abuse, and the

side effects of his medication.  Upon reviewing the record and

employer's brief, we conclude that this appeal is without merit.

 Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

_____
        <sup>*</sup>Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
Claimant worked for employer as a lift truck operator. On
July 5, 1994, while in the course of his employment, as claimant
walked through employer's filter room to go to the restroom,
vinegar fumes took his breath away. He began to cough and then
vomited. The next day he felt a knot in his chest. After a few
days, he felt a burning sensation in his chest.

Claimant did not work between July 5, 1994 and July 15,
1994. During that time, he experienced side effects associated
with propranolol, a medication he was taking for high blood
pressure. These side effects included breathing difficulties,
nausea, and diarrhea.

On July 15, 1994, claimant reported the July 5, 1994
inhalation incident to his supervisor. On July 15, 1994,
claimant obtained medical treatment at Amherst Family Practice
(Amherst), where he provided a history of inhalation of vinegar
fumes. An Amherst physician diagnosed claimant as suffering from
bronchitis, secondary to inhalation of fumes at work, together
with a possible adverse reaction to amoxicillin. The physician
also noted that claimant's bronchitis was secondary to
"inhalation injury." In a November 1, 1994 Attending Physician's
Report, Dr. H. Nelson Gustin, III, answered "Yes" to the question
whether the diagnosed condition was caused by the inhalation
occurrence described by claimant.

The commission held that claimant proved that his July 5,

2

1994 inhalation injury, which caused his bronchitis, constituted

an injury by accident arising out of and in the course of his

employment.  In so ruling, the commission found as follows:

> The claimant chose to pursue his remedy on an accident theory, rather than an occupational disease theory.  Although bronchitis is normally thought of as a disease, as pointed out by counsel for the employer, the condition may result from a single exposure episode, as occurred in this case.  The claimant's bronchial condition is clearly the result of an exposure which occurred as he was walking through a room, some 135 feet long, and he had only passed partially through the room.  The injury occurred in a sufficiently short and discrete period of time to constitute an injury by accident, as that term has been defined by the appellate courts of the Commonwealth. The claimant was clearly in the course of his employment when the incident occurred.  We find that the injury itself is sufficiently established by the medical evidence set forth above.

"In order to carry [the] burden of proving an 'injury by

accident,' a claimant must prove that the <u>cause</u> of [the] injury

was an <u>identifiable incident or sudden precipitating event</u> and

that it resulted in an <u>obvious sudden mechanical or structural

change in the body</u>."  <u>Morris v. Morris</u>, 238 Va. 578, 589, 385

S.E.2d 858, 865 (1989).

Claimant's undisputed testimony described an identifiable

incident resulting in an obvious sudden mechanical change in his

body.  In addition, claimant's physicians characterized his

bronchitis as an "injury" based upon claimant's history.  That

history was consistent with claimant's testimony.  No evidence

3

contradicted the medical records, which clearly provide a causal connection between the July 5, 1994 inhalation incident and claimant's bronchitis. Claimant's testimony and the medical records provide ample credible evidence to support the commission's findings. In light of this undisputed evidence, the commission was entitled to give little weight to claimant's prior history of bronchitis, smoking, and high blood pressure.

The commission's findings, which are supported by credible evidence, are binding and conclusive on appeal. Accordingly, the commission did not err in ruling that claimant's bronchitis resulted from the July 5, 1994 injury by accident rather than an ordinary disease of life.

For the reasons stated, we affirm the commission's decision.[1]

<u>Affirmed.</u>

---

[1]Because of our ruling on employer's first question presented, we need not address employer's second question presented.

4